1  MELINDA HAAG (CSBN 132612)
   United States Attorney

2
   ALEX G. TSE (CSBN152348)
3  Chief, Civil Division

4  ANN MARIE REDING (CSBN 226864)
   Assistant United States Attorney
5
      450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102-3495
      Telephone: (415) 436-6813
7     FAX: (415) 436-6748
      annie.reding@usdoj.gov
8
   Attorneys for Federal Defendant
9  Michael Huerta

10
                    UNITED STATES DISTRICT COURT
11
                  NORTHERN DISTRICT OF CALIFORNIA
12
                      SAN FRANCISCO DIVISION
13

14 ALLEN WAYNE LACKEY,            )    No. 3:12-cv-03244-RS
                                  )    [Related Case Nos.: 3:12-cv-03241-RS
15          Plaintiff,            )    3:12-cv-03242-RS]
                                  )
16    v.                          )    STIPULATION FOR COMPROMISE
                                  )    SETTLEMENT AND RELEASE;
17 MICHAEL HUERTA,                )    [PROPOSED] ORDER AND CONSENT
                                  )    DECREE
18          Defendant.            )
                                  )
19                                )
                                  )
20
        It is hereby stipulated by and between the undersigned Plaintiff and the UNITED
21
   STATES OF AMERICA, by and through their respective attorneys, as follows:
22
        WHEREAS, on May 23, 2012, Plaintiff Allen Wayne Lackey filed three nearly identical
23
   complaints in Small Claims Court, Superior Court of California, County of Napa, alleging abuse
24
   of power, malfeasance of office, conspiracy, fraud, and breach of contract stemming from
25
   actions that began on October 6, 2006.[1]  Each complaint names a separate defendant: Federal
26

27
   _____
28     [1] *See Lackey v. Conte*, 3:12-cv-03241-RS; *Lackey v. Stewart*, 3:12-cv03242-RS; *Lackey
   v. Huerta*, 3:12-cv-03244-RS.
   STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;
   [PROPOSED] ORDER AND CONSENT DECREE
   3:12-cv-03241-RS, 3:12-cv-03242-RS, 3:12-cv-03244-RS         1

1 | Aviation Administration Aviation Safety Inspector ("ASI") Richard J. Conte, Federal Aviation
2 | Administration ("FAA") ASI Brook Stewart, and FAA Acting Administrator Michael Huerta.

3 | WHEREAS, pursuant to 28 U.S.C. § 1442(a)(1), on June 22, 2012, Defendant removed
4 | this case to this Court;

5 | WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy
6 | and to settle and compromise fully any and all claims and issues that have been raised, or could
7 | have been raised in this action, which have transpired prior to the execution of this Settlement
8 | Agreement ("Agreement");

9 | NOW, THEREFORE, in consideration of the mutual promises contained in this
10 | Agreement, and other good and valuable consideration, receipt of which is hereby
11 | acknowledged, the Parties agree as follows:

12 | 1. **Agreement to Compromise Claims.** The parties do hereby agree to settle and
13 | compromise each and every claim of any kind, whether known or unknown, arising directly or
14 | indirectly from the acts or omissions that gave rise to the above-captioned action under the terms
15 | and conditions set forth in this Agreement.

16 | 2. **Definition of "United States of America."** As used in this Agreement, the United
17 | States of America shall include its current and former agents, servants, employees, and attorneys,
18 | as well as the Federal Aviation Administration, and/or its current and former agents, servants,
19 | employees, and attorneys.

20 | 3. **Settlement Terms.** The United States of America agrees to waive collection of the
21 | assessed $11,000 civil penalty for Plaintiff's failure to surrender his Commercial Pilot Certificate
22 | No. 261867983 (Order of Assessment, FAA Case No. 2009WP250025, affirmed by the National
23 | Transportation Safety ("NTSB") on October 20, 2009, NTSB Docket No. CP-187), the assessed
24 | $25,000 civil penalty for Plaintiff's failure to surrender his Private Pilot Certificate No.
25 | 261867983 (February 3, 2011 Order of Assessment, FAA Case No. 2011WP250007), as well as
26 | to waive the collection of any civil penalty that might be assessed for the events that occurred on
27 | June 2, 2012, wherein Plaintiff, in conjunction with Golden Gate Helicopters, allegedly operated
28 |

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;
[PROPOSED] ORDER AND CONSENT DECREE
3:12-cv-03241-RS, 3:12-cv-03242-RS, 3:12-cv-03244-RS   2

1  his helicopter while carrying passengers ("Settlement Terms"), which agreement shall be in full
2  settlement and satisfaction of any and all claims, demands, rights, and causes of action of
3  whatsoever kind and nature, arising from, and by reason of any and all known and unknown,
4  foreseen and unforeseen personal injuries, damage to property and the consequences thereof,
5  resulting, and to result, from the subject matter of this settlement, including any claims for
6  wrongful death, for which Plaintiff or his guardians, heirs, executors, administrators, or assigns,
7  and each of them, now have or may hereafter acquire against the United States of America.

8          4. **Release**.  Plaintiff and his guardians, heirs, executors, administrators or assigns hereby
9  agrees to accept the Settlement Terms in full settlement and satisfaction of any and all claims,
10 demands, rights, and causes of action of whatsoever kind and nature, including claims for
11 wrongful death, arising from, and by reason of any and all known and unknown, foreseen and
12 unforeseen personal injuries, damage to property and the consequences thereof which they may
13 have or hereafter acquire against the United States of America on account of the same subject
14 matter that gave rise to the above-captioned action, including any future claim or lawsuit of any
15 kind or type whatsoever, whether known or unknown, and whether for compensatory or
16 exemplary damages.  Plaintiff and his guardians, heirs, executors, administrators or assigns
17 further agrees to reimburse, indemnify and hold harmless the United States of America from and
18 against any and all such causes of action, claims, liens, rights, or subrogated or contribution
19 interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff
20 or his guardians, heirs, executors, administrators or assigns against any third party or against the
21 United States, including claims for wrongful death.

22         5. **Dismissal of Action**.  In consideration of the Settlement Terms and the other terms of
23 this Agreement, Plaintiff shall immediately upon execution of this Agreement  also execute a
24 Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A.  The Stipulation of
25 Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been
26 asserted in this action.  The fully executed Stipulation of Dismissal will be held by Defendant's
27 attorney and will be filed within five (5) business days of receipt of the Airworthiness
28 Certificate, pursuant to the terms in Paragraph 11.

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;
[PROPOSED] ORDER AND CONSENT DECREE
3:12-cv-03241-RS, 3:12-cv-03242-RS, 3:12-cv-03244-RS        3

1      6. **No Admission of Liability**. This stipulation for compromise settlement is not

2  intended to be, and should not be construed as, an admission of liability or fault on the part of the

3  United States, and it is specifically denied that it is liable to the Plaintiff. This settlement is

4  entered into by all parties for the purpose of compromising disputed claims and avoiding the

5  expenses and risks of further litigation.

6      7. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the

7  respective parties will each bear their own costs, fees, and expenses.

8      8. **Attorney's Fees**. It is also understood by and among the parties that pursuant to Title

9  28, United States Code, Section 2678, attorney's fees for services rendered in connection with

10  this action shall not exceed 25 per centum of the amount of the compromise settlement.

11      9. **Authority**. The persons signing this Agreement warrant and represent that they

12  possess full authority to bind the persons on whose behalf they are signing to the terms of the

13  settlement.

14      10. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code

15  Section 1542 are set forth below:

16

17      "A general release does not extend to claims which the creditor does not know or
suspect to exist in his or her favor at the time of executing the release, which if
known by him or her must have materially affected his or her settlement with the

18  debtor."

19  Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his

20  attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and

21  all rights he may have pursuant to the provision of that statute and any similar provision of

22  federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability

23  of the government for damages pertaining thereto are found hereinafter to be other than or

24  different from the facts now believed by them to be true, the Agreement shall be and remain

25  effective notwithstanding such material difference.

26      11. **Consent Decree.** The parties further agree that Allen Wayne Lackey be enjoined

27  from operating any aircraft, both commercially and privately, until such time as he obtains valid,

28  effective and properly issued pilot certificates from the FAA. The parties further agree that

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;
[PROPOSED] ORDER AND CONSENT DECREE
3:12-cv-03241-RS, 3:12-cv-03242-RS, 3:12-cv-03244-RS     4

1    Plaintiff will immediately surrender the Airworthiness Certificate for helicopter Bell 206 B,

2    Serial No. 1792 (Registration Number N62HF) to the U.S. Attorney's Office, care of Assistant

3    U.S. Attorney Ann Marie Reding, 450 Golden Gate Avenue, Box 36055, San Francisco,

4    California 94102-3495.[2] Further, Plaintiff will be enjoined from operating any aircraft unless

5    that aircraft is properly certificated, having a current and valid Airworthiness Certificate and

6    Aircraft Registration Certificate.

7        12. **Tax Liability.** If any withholding or income tax liability is imposed upon Plaintiff

8    or Plaintiff's counsel based on payment of the Settlement Terms, Plaintiff or Plaintiff's counsel

9    shall be solely responsible for paying any such determined liability from any government

10   agency. Nothing in this Agreement constitutes an agreement by the United States of America

11   concerning the characterization of the Settlement Terms for the purposes of the Internal Revenue

12   Code, Title 26 of the United States Code.

13       13. **Construction**. Each party hereby stipulates that it has been represented by and has

14   relied upon independent counsel in the negotiations for the preparation of this Agreement, that it

15   has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of

16   and understands all of the terms of the Agreement and the legal consequences thereof. For

17   purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to

18   this Agreement and shall not, therefore, be construed against any Party for that reason in any

19   subsequent dispute.

20       14. **Severability**. If any provision of this Agreement shall be invalid, illegal, or

21   unenforceable, the validity, legality, and enforceability of the remaining provision shall not in

22   any way be affected or impaired thereby.

23

24   _____

25       [2] Allen Wayne Lackey is the President of Wine Country Helicopter Leasing, Inc., to
     which helicopter Bell 206 B, Serial No. 1792 (Registration Number N62HF) is registered. On
26   July 5, 2012, the FAA issued an emergency order of suspension ordering Mr. Lackey to
     surrender the Airworthiness Certificate of N62HF pursuant to 49 U.S.C. §46105(c) (determining
27   that an emergency exists related to safety in air commerce and ordering immediate
     suspension)(FAA Case No. 2012WP250036).
28

15. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

DATED: October 2️, 2012

PLAINTIFF ALLEN WAYNE LACKEY

DATED: October 22, 2012

DOUGLAS PHARR
Plaintiff's Attorney

DATED: October ___, 2012

LISA TOSCANO
FAA Western-Pacific Region

DATED: October ___, 2012

ANN MARIE REDING
Assistant United States Attorney
Attorney for Defendant

## [PROPOSED] ORDER AND CONSENT DECREE

PURSUANT TO STIPULATION, IT IS SO ORDERED.

It is further ORDERED, DIRECTED AND DECREED that Allen Wayne Lackey be enjoined from operating any aircraft, both commercially and privately, until such time as he obtains valid, effective and properly issued pilot certificates from the Federal Aviation Administration. The Court further orders Mr. Lackey to immediately surrender the Airworthiness Certificate for helicopter Bell 206 B, Serial No. 1792 (Registration Number N62HF) to the U.S. Attorney's Office, care of Assistant U.S. Attorney Ann Marie Reding, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102-3495. It is further ordered that Mr. Lackey be enjoined from operating any aircraft unless that aircraft is properly certificated, having a current and valid Airworthiness Certificate and Aircraft Registration

15. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

DATED: October __, 2012

_____
PLAINTIFF ALLEN WAYNE LACKEY

DATED: October __, 2012

_____
DOUGLAS PHARR
Plaintiff's Attorney

DATED: October 19, 2012

*Lisa J. Toscano*
LISA TOSCANO
FAA Western-Pacific Region

DATED: October 23, 2012

*Ann M. Red*
ANN MARIE REDING
Assistant United States Attorney
Attorney for Defendant

### [PROPOSED] ORDER AND CONSENT DECREE

PURSUANT TO STIPULATION, IT IS SO ORDERED.

It is further ORDERED, DIRECTED AND DECREED that Allen Wayne Lackey be enjoined from operating any aircraft, both commercially and privately, until such time as he obtains valid, effective and properly issued pilot certificates from the Federal Aviation Administration. The Court further orders Mr. Lackey to immediately surrender the Airworthiness Certificate for helicopter Bell 206 B, Serial No. 1792 (Registration Number N62HF) to the U.S. Attorney's Office, care of Assistant U.S. Attorney Ann Marie Reding, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102-3495. It is further ordered that Mr. Lackey be enjoined from operating any aircraft unless that aircraft is properly certificated, having a current and valid Airworthiness Certificate and Aircraft Registration

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;
[PROPOSED] ORDER AND CONSENT DECREE
3:12-cv-03241-RS, 3:12-cv-03242-RS, 3:12-cv-03244-RS      6

1  Certificate. Nothing in this Agreement shall preclude the FAA from pursuing the civil penalties

2  outlined in Paragraph 3 should Plaintiff operate any aircraft without first obtaining valid,

3  effective and properly issued pilot certificates and unless that aircraft has a current and valid

4  Airworthiness Certificate and Aircraft Registration Certificate.

5

6  Date:_ 10/25/12

Hon. Richard Seeborg
UNITED STATES DISTRICT JUDGE

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;
[PROPOSED] ORDER AND CONSENT DECREE
3:12-cv-03241-RS, 3:12-cv-03242-RS, 3:12-cv-03244-RS     7