1  MELINDA HAAG (CSBN 132612)
   United States Attorney
2
   ALEX G. TSE (CSBN152348)
3  Chief, Civil Division

4  ANN MARIE REDING (CSBN 226864)
   Assistant United States Attorney
5
      450 Golden Gate Avenue, Box 36055
6     San Francisco, California 94102-3495
      Telephone: (415) 436-6813
7     FAX: (415) 436-6748
      annie.reding@usdoj.gov
8
   Attorneys for Federal Defendant
9  Richard J. Conte

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14  ALLEN WAYNE LACKEY,            )    No. 3:12-cv-03241-RS
                                   )    [Related Case Nos.: 3:12-cv-03242-RS
15        Plaintiff,               )    3:12-cv-03244-RS]
                                   )
16     v.                          )    **STIPULATION FOR COMPROMISE
                                   )    SETTLEMENT AND RELEASE;
17  RICHARD J. CONTE,              )    [PROPOSED] ORDER AND CONSENT
                                   )    DECREE**
18        Defendant.               )
                                   )
19  _____  )

20        It is hereby stipulated by and between the undersigned Plaintiff and the UNITED

21  STATES OF AMERICA, by and through their respective attorneys, as follows:

22        WHEREAS, on May 23, 2012, Plaintiff Allen Wayne Lackey filed three nearly identical

23  complaints in Small Claims Court, Superior Court of California, County of Napa, alleging abuse

24  of power, malfeasance of office, conspiracy, fraud, and breach of contract stemming from

25  actions that began on October 6, 2006.[1]  Each complaint names a separate defendant: Federal

26

27  _____

28        [1] See *Lackey v. Conte*, 3:12-cv-03241-RS; *Lackey v. Stewart*, 3:12-cv03242-RS; *Lackey
      v. Huerta*, 3:12-cv-03244-RS.
   STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;
   [PROPOSED] ORDER AND CONSENT DECREE
   3:12-cv-03241-RS, 3:12-cv-03242-RS, 3:12-cv-03244-RS      1

1  Aviation Administration Aviation Safety Inspector ("ASI") Richard J. Conte, Federal Aviation

2  Administration ("FAA") ASI Brook Stewart, and FAA Acting Administrator Michael Huerta.

3      WHEREAS, pursuant to 28 U.S.C. § 1442(a)(1), on June 22, 2012, Defendant removed

4  this case to this Court;

5      WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy

6  and to settle and compromise fully any and all claims and issues that have been raised, or could

7  have been raised in this action, which have transpired prior to the execution of this Settlement

8  Agreement ("Agreement");

9      NOW, THEREFORE, in consideration of the mutual promises contained in this

10 Agreement, and other good and valuable consideration, receipt of which is hereby

11 acknowledged, the Parties agree as follows:

12      1. **Agreement to Compromise Claims**. The parties do hereby agree to settle and

13 compromise each and every claim of any kind, whether known or unknown, arising directly or

14 indirectly from the acts or omissions that gave rise to the above-captioned action under the terms

15 and conditions set forth in this Agreement.

16      2. **Definition of "United States of America."** As used in this Agreement, the United

17 States of America shall include its current and former agents, servants, employees, and attorneys,

18 as well as the Federal Aviation Administration, and/or its current and former agents, servants,

19 employees, and attorneys.

20      3. **Settlement Terms**. The United States of America agrees to waive collection of the

21 assessed $11,000 civil penalty for Plaintiff's failure to surrender his Commercial Pilot Certificate

22 No. 261867983 (Order of Assessment, FAA Case No. 2009WP250025, affirmed by the National

23 Transportation Safety ("NTSB") on October 20, 2009, NTSB Docket No. CP-187), the assessed

24 $25,000 civil penalty for Plaintiff's failure to surrender his Private Pilot Certificate No.

25 261867983 (February 3, 2011 Order of Assessment, FAA Case No. 2011WP250007), as well as

26 to waive the collection of any civil penalty that might be assessed for the events that occurred on

27 June 2, 2012, wherein Plaintiff, in conjunction with Golden Gate Helicopters, allegedly operated

28

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;
[PROPOSED] ORDER AND CONSENT DECREE
3:12-cv-03241-RS, 3:12-cv-03242-RS, 3:12-cv-03244-RS      2

1   his helicopter while carrying passengers ("Settlement Terms"), which agreement shall be in full

2   settlement and satisfaction of any and all claims, demands, rights, and causes of action of

3   whatsoever kind and nature, arising from, and by reason of any and all known and unknown,

4   foreseen and unforeseen personal injuries, damage to property and the consequences thereof,

5   resulting, and to result, from the subject matter of this settlement, including any claims for

6   wrongful death, for which Plaintiff or his guardians, heirs, executors, administrators, or assigns,

7   and each of them, now have or may hereafter acquire against the United States of America.

8       4. **Release**.  Plaintiff and his guardians, heirs, executors, administrators or assigns hereby

9   agrees to accept the Settlement Terms in full settlement and satisfaction of any and all claims,

10  demands, rights, and causes of action of whatsoever kind and nature, including claims for

11  wrongful death, arising from, and by reason of any and all known and unknown, foreseen and

12  unforeseen personal injuries, damage to property and the consequences thereof which they may

13  have or hereafter acquire against the United States of America on account of the same subject

14  matter that gave rise to the above-captioned action, including any future claim or lawsuit of any

15  kind or type whatsoever, whether known or unknown, and whether for compensatory or

16  exemplary damages.  Plaintiff and his guardians, heirs, executors, administrators or assigns

17  further agrees to reimburse, indemnify and hold harmless the United States of America from and

18  against any and all such causes of action, claims, liens, rights, or subrogated or contribution

19  interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff

20  or his guardians, heirs, executors, administrators or assigns against any third party or against the

21  United States, including claims for wrongful death.

22      5. **Dismissal of Action**.  In consideration of the Settlement Terms and the other terms of

23  this Agreement, Plaintiff shall immediately upon execution of this Agreement  also execute a

24  Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A.  The Stipulation of

25  Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been

26  asserted in this action.  The fully executed Stipulation of Dismissal will be held by Defendant's

27  attorney and will be filed within five (5) business days of receipt of the Airworthiness

28  Certificate, pursuant to the terms in Paragraph 11.

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;
[PROPOSED] ORDER AND CONSENT DECREE
3:12-cv-03241-RS, 3:12-cv-03242-RS, 3:12-cv-03244-RS       3

1    6. **No Admission of Liability**. This stipulation for compromise settlement is not

2    intended to be, and should not be construed as, an admission of liability or fault on the part of the

3    United States, and it is specifically denied that it is liable to the Plaintiff. This settlement is

4    entered into by all parties for the purpose of compromising disputed claims and avoiding the

5    expenses and risks of further litigation.

6    7. **Parties Bear Their Own Costs**. It is also agreed, by and among the parties, that the

7    respective parties will each bear their own costs, fees, and expenses.

8    8. **Attorney's Fees**. It is also understood by and among the parties that pursuant to Title

9    28, United States Code, Section 2678, attorney's fees for services rendered in connection with

10   this action shall not exceed 25 per centum of the amount of the compromise settlement.

11   9. **Authority**. The persons signing this Agreement warrant and represent that they

12   possess full authority to bind the persons on whose behalf they are signing to the terms of the

13   settlement.

14   10. **Waiver of California Civil Code § 1542**. The provisions of California Civil Code

15   Section 1542 are set forth below:

16
17   "A general release does not extend to claims which the creditor does not know or
     suspect to exist in his or her favor at the time of executing the release, which if
     known by him or her must have materially affected his or her settlement with the
18   debtor."

19   Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his

20   attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and

21   all rights he may have pursuant to the provision of that statute and any similar provision of

22   federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability

23   of the government for damages pertaining thereto are found hereinafter to be other than or

24   different from the facts now believed by them to be true, the Agreement shall be and remain

25   effective notwithstanding such material difference.

26   11. **Consent Decree.** The parties further agree that Allen Wayne Lackey be enjoined

27   from operating any aircraft, both commercially and privately, until such time as he obtains valid,

28   effective and properly issued pilot certificates from the FAA. The parties further agree that

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;
[PROPOSED] ORDER AND CONSENT DECREE
3:12-cv-03241-RS, 3:12-cv-03242-RS, 3:12-cv-03244-RS        4

1    Plaintiff will immediately surrender the Airworthiness Certificate for helicopter Bell 206 B,
2    Serial No. 1792 (Registration Number N62HF) to the U.S. Attorney's Office, care of Assistant
3    U.S. Attorney Ann Marie Reding, 450 Golden Gate Avenue, Box 36055, San Francisco,
4    California 94102-3495.[2]  Further, Plaintiff will be enjoined from operating any aircraft unless
5    that aircraft is properly certificated, having a current and valid Airworthiness Certificate and
6    Aircraft Registration Certificate.

7        12.  **Tax Liability.**  If any withholding or income tax liability is imposed upon Plaintiff
8    or Plaintiff's counsel based on payment of the Settlement Terms, Plaintiff or Plaintiff's counsel
9    shall be solely responsible for paying any such determined liability from any government
10   agency.  Nothing in this Agreement constitutes an agreement by the United States of America
11   concerning the characterization of the Settlement Terms for the purposes of the Internal Revenue
12   Code, Title 26 of the United States Code.

13       13.  **Construction.**  Each party hereby stipulates that it has been represented by and has
14   relied upon independent counsel in the negotiations for the preparation of this Agreement, that it
15   has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of
16   and understands all of the terms of the Agreement and the legal consequences thereof.  For
17   purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to
18   this Agreement and shall not, therefore, be construed against any Party for that reason in any
19   subsequent dispute.

20       14.  **Severability**.  If any provision of this Agreement shall be invalid, illegal, or
21   unenforceable, the validity, legality, and enforceability of the remaining provision shall not in
22   any way be affected or impaired thereby.

23
24
25   [2] Allen Wayne Lackey is the President of Wine Country Helicopter Leasing, Inc., to
     which helicopter Bell 206 B, Serial No. 1792 (Registration Number N62HF) is registered. On
26   July 5, 2012, the FAA issued an emergency order of suspension ordering Mr. Lackey to
     surrender the Airworthiness Certificate of N62HF pursuant to 49 U.S.C. §46105(c) (determining
27   that an emergency exists related to safety in air commerce and ordering immediate
     suspension)(FAA Case No. 2012WP250036).
28

1      15. **Integration**. This instrument shall constitute the entire Agreement between the

2 parties, and it is expressly understood and agreed that the Agreement has been freely and

3 voluntarily entered into by the parties hereto with the advice of counsel, who have explained the

4 legal effect of this Agreement. The parties further acknowledge that no warranties or

5 representations have been made on any subject other than as set forth in this Agreement. This

6 Agreement may not be altered, modified or otherwise changed in any respect except by writing,

7 duly executed by all of the parties or their authorized representatives.

8 DATED: October 26, 2012

                        PLAINTIFF ALLEN WAYNE LACKEY

9

10 DATED: October 22, 2012

                        DOUGLAS PHARR

11                         Plaintiff's Attorney

12 DATED: October ___, 2012

13                         LISA TOSCANO

                        FAA Western-Pacific Region

14

15 DATED: October ___, 2012

                        ANN MARIE REDING

16                         Assistant United States Attorney

                        Attorney for Defendant

17

18                 **[PROPOSED] ORDER AND CONSENT DECREE**

19      PURSUANT TO STIPULATION, IT IS SO ORDERED.

20      It is further ORDERED, DIRECTED AND DECREED that Allen Wayne Lackey be

21 enjoined from operating any aircraft, both commercially and privately, until such time as he

22 obtains valid, effective and properly issued pilot certificates from the Federal Aviation

23 Administration. The Court further orders Mr. Lackey to immediately surrender the

24 Airworthiness Certificate for helicopter Bell 206 B, Serial No. 1792 (Registration Number

25 N62HF) to the U.S. Attorney's Office, care of Assistant U.S. Attorney Ann Marie Reding, 450

26 Golden Gate Avenue, Box 36055, San Francisco, California 94102-3495. It is further ordered

27 that Mr. Lackey be enjoined from operating any aircraft unless that aircraft is properly

28 certificated, having a current and valid Airworthiness Certificate and Aircraft Registration

1   15. **Integration**. This instrument shall constitute the entire Agreement between the

2   parties, and it is expressly understood and agreed that the Agreement has been freely and

3   voluntarily entered into by the parties hereto with the advice of counsel, who have explained the

4   legal effect of this Agreement. The parties further acknowledge that no warranties or

5   representations have been made on any subject other than as set forth in this Agreement. This

6   Agreement may not be altered, modified or otherwise changed in any respect except by writing,

7   duly executed by all of the parties or their authorized representatives.

8   DATED: October __, 2012

9                                              _____
                                              PLAINTIFF ALLEN WAYNE LACKEY

10  DATED: October __, 2012                    _____
11                                             DOUGLAS PHARR
                                              Plaintiff's Attorney

12  DATED: October 19, 2012                    _____
13                                             LISA TOSCANO
                                              FAA Western-Pacific Region
14
    DATED: October 23, 2012                    _____
15                                             ANN MARIE REDING
16                                             Assistant United States Attorney
                                              Attorney for Defendant
17

18              **[PROPOSED] ORDER AND CONSENT DECREE**

19  PURSUANT TO STIPULATION, IT IS SO ORDERED.

20  It is further ORDERED, DIRECTED AND DECREED that Allen Wayne Lackey be

21  enjoined from operating any aircraft, both commercially and privately, until such time as he

22  obtains valid, effective and properly issued pilot certificates from the Federal Aviation

23  Administration. The Court further orders Mr. Lackey to immediately surrender the

24  Airworthiness Certificate for helicopter Bell 206 B, Serial No. 1792 (Registration Number

25  N62HF) to the U.S. Attorney's Office, care of Assistant U.S. Attorney Ann Marie Reding, 450

26  Golden Gate Avenue, Box 36055, San Francisco, California 94102-3495. It is further ordered

27  that Mr. Lackey be enjoined from operating any aircraft unless that aircraft is properly

28  certificated, having a current and valid Airworthiness Certificate and Aircraft Registration

1  Certificate. Nothing in this Agreement shall preclude the FAA from pursuing the civil penalties

2  outlined in Paragraph 3 should Plaintiff operate any aircraft without first obtaining valid,

3  effective and properly issued pilot certificates and unless that aircraft has a current and valid

4  Airworthiness Certificate and Aircraft Registration Certificate.

5

6  Date: 10/25/12

   Hon. Richard Seeborg
7  UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28